UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: KWOK,<br> *Debtors* | BANKR. NO. 22-50073 (JAM)<br>*Chapter 11* |
| MEI GUO,<br> *Appellant*,<br>  v.<br>LUC A. DESPINS,<br> *Trustee-Appellee*. | ADV. PRO. NO. 23-5008<br>CIVIL NO. 3:24-CV-724 (KAD)<br><br>JANUARY 21, 2025 |

**MEMORANDUM OF DECISION**

Kari A. Dooley, United States District Judge:

  Mei Guo ("Appellant" or "Ms. Guo") challenges the order of the Bankruptcy Court granting in part Chapter 11 Trustee Luc A. Despins' ("Trustee" or "Appellee") Motion for Summary Judgment, in which the Bankruptcy Court determined first that the Individual Debtor Ho Wan Kwok (the "Debtor" or "Kwok") was the beneficial owner of both a 2006 Bombardier Global Express XRS B70 aircraft (the "Bombardier") and Whitecroft Shore Limited ("Whitecroft"), and second, that the proceeds from the sale of the Bombardier, as well as Ms. Guo's ownership interest in Whitecroft, must be turned over to the Debtor's bankruptcy estate (the "Estate"). *See Luc A. Despins, Ch. 11 Trustee v. Mei Guo*, No. 23-ap-5008 (JAM) (Bankr. D. Conn. Apr. 3, 2024), ECF No. 126. For the reasons set forth below, the order of the Bankruptcy Court is **AFFIRMED**.

**Facts and Procedural History**

The Court presumes the parties' familiarity with the underlying facts and repeats only those necessary for deciding the instant motion.[1]

<u>The Bombardier and its Ownership</u>

The Debtor is the Appellant's father. The Bombardier is a private jet bearing serial number 0X9189 and registration number T7-GQM (later changed to T7-17777). In 2009, the Debtor purchased the Bombardier directly from its manufacturer for approximately $37 million. Initially, legal title to the Bombardier was held by Head Win Group Ltd. ("Head Win"), whose sole purpose was to hold the Bombardier. In 2015, Head Win reached an agreement—executed by the Debtor—with ACASS Canada, to operate and manage the Bombardier (the "ACASS Operation Agreement"). Pursuant to that Agreement, notices, invoices, etc. directed from ACASS Canada to Head Win were to be sent care of Golden Spring NY Ltd. ("Golden Spring"), which is the Debtor's alter ego.[2] In 2015 and 2016, invoices issued by ACASS Canada to Head Win were paid by Golden Spring, as well as New Dynamic Development Limited ("New Dynamic"), which is an offshore company held by the Debtor.

Between March 2016 and July 2016, Head Win transferred title to the Bombardier to Anton Development, a Hong Kong entity. Prior to June 27, 2017, the Debtor's private chef, Han Chunguang ("Mr. Han"), was Anton Development's sole shareholder. Between June 2016 and June 2019, no less than $2.6 million in invoices were issued by ACASS Canada to Anton

---

[1] The Court adopts and incorporates herein the undisputed facts as found by the Bankruptcy Court. The undisputed facts reflect, in part, the Bankruptcy Court's various evidentiary rulings, which, as set forth below, this Court has affirmed.

[2] On December 4, 2023, in another adversary proceeding, the Bankruptcy Court granted default judgment against Golden Spring and determined, *inter alia*, that "[a]t all times Golden Spring was an alter ego of the Debtor." *See Luc A. Despins, Ch. 11 Trustee v. Golden Spring (New York) Ltd.*, No. 23-ap-5018 (JAM) (Bankr. D. Conn. Dec. 4, 2023), ECF No. 35.

Development in connection with the operation and management of the Bombardier. Those invoices were paid by Golden Spring. On June 27, 2017, Mr. Han transferred Anton Development to Ms. Guo for one Honk Kong dollar ("HKD").

In November 2018, Anton Development transferred title to the Bombardier to Whitecroft. Whitecroft is a British Virgin Islands ("BVI") entity of which Ms. Guo is the sole member and director, and its permanent address is listed as "c/o Golden Spring (New York) LTD, PO Box 2120, New York, NY 10101." Whitecroft's sole purpose was to hold the Bombardier. While held by Whitecroft, Golden Spring made no less than $2.4 million in payments to ACASS Canada for maintenance and operation of the Bombardier.

On January 25, 2022, ACASS Canada sent a Letter of Intent to purchase the Bombardier to Whitecroft care of Golden Spring, and to the attention of Ms. Yvette Wang ("Ms. Wang") and Mr. Max Krasner ("Mr. Krasner"), both at "@gsnyus.com" email suffixes. Thereafter, in August 2022, the Bombardier was sold to ACASS U.S.A. Inc. for $13.5 million. Initially, the proceeds of the Bombardier sale were to be wired to Mr. Qiang Guo, Ms. Guo's brother. However, on December 21, 2022, pursuant to a Whitecroft corporate resolution signed by Ms. Guo (the "Disbursement Resolution"), the Bombardier Proceeds were remitted to an account at JNFX Limited ("JNFX"). As of October 19, 2023, the statement for the relevant JNFX account reflected a balance of $10,406,839.28.[3]

Between June 2016 and January 2022, the Debtor was a passenger on the Bombardier no less than 57 times. In 2017, the Debtor stated in a Vice News interview that he owned "two private jets." The Debtor was also seen in two different videos posted to Gettr and YouTube dining on an

---

[3] As of January 5, 2024, pursuant to the preliminary injunction issued on December 21, 2023 in the underlying adversary proceeding, JNFX transferred $10,218,843.38 into the attorney trust account of Chiesa Shahinian & Giantomasi PC, Ms. Guo's counsel. Thereafter, in accordance with the Bankruptcy Court's summary judgment order, approximately $10.2 million in Bombardier Proceeds were transferred to the Trustee.

3

airplane, discussing the luxury furnishings on the aircraft, and discussing his ownership of the aircraft, which is presumed to be the Bombardier. At her deposition taken in the underlying Chapter 11 case, Ms. Guo testified that "[w]hen [she] was a kid back in China, [she] traveled with [her] family on" the Bombardier. Ms. Guo further testified that she does not remember when she last flew on the Bombardier, that she decided to sell the Bombardier in 2022, and that she is the owner of the proceeds, despite not recalling where those proceeds were located.

<u>The Adversary Proceeding</u>

On May 16, 2023, the Trustee filed the Complaint in the underlying adversary proceeding, asserting the following claims:

1. The first claim (the "First Claim") seeks declaratory judgment that (i) pursuant to section 541(a) of title 11 of the United States Code (the "Bankruptcy Code"), [the Bombardier], formerly indirectly owned by Ms. Guo, was property of the Estate because it was beneficially owned by the Individual Debtor as of the filing of his bankruptcy petition and at the time of its post-petition sale; and (ii) pursuant to section 541(a)(6) the [Bombardier Proceeds] are property of the Estate. On these bases, pursuant to sections 542 and 544 of the Bankruptcy Code, the First Claim seeks turnover of the Bombardier Proceeds to the Estate via delivery to the Trustee.

2. The second claim (the "Second Claim") seeks, in the alternative to the First Claim and pursuant to sections 549 and 550 of the Bankruptcy Code, avoidance of a post-petition transfer of the Bombardier Proceeds from the Individual Debtor to Ms. Guo.

3. The third claim (the "Third Claim") seeks, in the alternative to the First and Second Claims and pursuant to sections 544 and 550 of the Bankruptcy Code and former section 276 of the New York Debtor and Creditor Law (repealed effective April 4, 2020), the value of [Anton Development], a former owner of the Bombardier, at the time of its transfer from [Mr. Han] to Ms. Guo on the basis of fraudulent transfer.

4. The fourth claim (the "Fourth Claim") seeks declaratory judgment that pursuant to section 541(a) of the Bankruptcy Code, several [BVI] entities owned by Ms. Guo, namely, [Whitecroft], Allied Capital Global Limited, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Elite Well Global Limited, Globalist International Limited, Infinite Increase Limited, Infinitum Developments Limited, Noble Fame Global Limited, and

4

> Rosy Acme Ventures Limited (each a "BVI Entity," and together, collectively, the "BVI Entities") are beneficially owned by the Individual Debtor. On this basis, pursuant to sections 542 and 544 of the Bankruptcy Code, the Fourth Claim seeks turnover of the BVI Entities to the Estate via delivery to the Trustee.

Complaint, Adv. Pro., ECF No. 1.

On June 30, 2023, Ms. Guo filed her Answer to the Complaint. *See* Adv. Pro., ECF No. 21. During discovery, Ms. Guo invoked her Fifth Amendment right against self-incrimination in response to all written discovery requests, and nearly all of the substantive questions asked at her deposition. Likewise, while testifying as Whitecroft's designated Rule 30(b)(6) witness, Ms. Guo invoked the Fifth Amendment in response to nearly every substantive question.

On December 28, 2023, the Trustee filed the instant partial Motion for Summary Judgment. The Trustee's motion seeks summary judgment in favor of the Trustee on the First Claim and Fourth Claim, or alternatively on the Third Claim, instead of the First Claim. *See* Adv. Pro., Trustee MSJ, ECF No. 88. On January 24, 2024, Ms. Guo filed her opposition, raising several challenges to the evidentiary record submitted and relied upon by the Trustee. *See* Adv. Pro., Guo Opp. to Trustee MSJ, ECF No. 110. On February 1, 2024, the Trustee filed a reply in which he addressed Ms. Guo's evidentiary objections by supplementing the record with additional documentation (hereinafter the "Reply Documents"). *See* Adv. Pro., Trustee MSJ Reply, ECF No. 115. Thereafter, at the hearing on the Motion for Summary Judgment held on February 5, 2024, Ms. Guo orally moved to strike the Reply Documents, seeking to remove them from the Court's consideration. *See* Adv. Pro., Transcript of 2/5/2024 Hearing, ECF No. 124.

<u>The Summary Judgment Order</u>

On April 3, 2024, the Bankruptcy Court granted in part the Trustee's Motion for Summary Judgment, finding that: (a) the undisputed facts establish that the Debtor beneficially owned the

5

Bombardier and Whitecroft, and that accordingly, the Trustee is entitled to judgment as a matter of law on the First Claim and Fourth Claim (as it pertains to Whitecroft); (b) alternatively, if this Court were to disagree as to the Trustee's entitlement to summary judgment on the First Claim, partial summary judgment shall enter on the Third Claim[4]; and (c) Ms. Guo must turnover to the Estate the Bombardier Proceeds and her ownership interest in Whitecroft. *See* Adv. Pro., MSJ Order, ECF No. 126.

*Evidentiary Rulings*

Before determining the undisputed facts, the Bankruptcy Court resolved Ms. Guo's Motion to Strike. Therein, Ms. Guo argued that it was improper for the Trustee to offer the Reply Documents in a reply brief and that it was therefore improper for the Bankruptcy Court to consider them when rendering its decision on the Motion for Summary Judgment. The Bankruptcy Court denied Ms. Guo's Motion to Strike, concluding that it was well within its discretion to consider the Reply Documents, which were offered in direct response to the evidentiary objections set forth by Ms. Guo in her Local Rule 56(a)(2) statement in opposition to the Trustee's Motion for Summary Judgment.

The Bankruptcy Court then turned to the threshold evidentiary issues raised by both parties. First among them was Ms. Guo's objection to certain exhibits submitted by the Trustee in support of his Motion for Summary Judgment on hearsay and authentication grounds. Specifically, Ms. Guo objected to the Trustee's inclusion of—and reliance upon—certain business records from UBS, ACASS Canada, Raich Ende Malter & Co. LLP, Axos Bank, Sherry-Netherland Inc.,

---

[4] More specifically, the Bankruptcy Court held that the only issues remaining for trial on the Third Claim would be: "(i) whether the Individual Debtor beneficially owned Anton Development at the time of the Transfer; (ii) what the value of Anton Development was at the time of the Transfer, and (iii) whether any further badges of fraud exist." Insofar as this Court is affirming the Bankruptcy Court's grant of summary judgment as to the First Claim, it declines to review the Bankruptcy Court's alternative determination as to the Third Claim.

Kyrgyz-Swiss Bank, and Golden Spring. Judge Manning overruled Ms. Guo's objection, concluding that the Reply Documents, which included corresponding "declarations of authentication" from individuals with personal knowledge of the practices of each of the aforementioned entities "would be presented in an admissible manner at trial as excepted from the preclusion of hearsay," and could and would therefore be considered. In short, the declarations satisfied the self-authenticating requirements of the business records exception to the hearsay rule. The Bankruptcy Court further overruled Ms. Guo's second objection challenging the deposition testimony of Ms. Guo's mother, Hing Chi Ngok, as hearsay, reasoning that the deposition testimony would only be introduced at trial as a prior inconsistent sworn statement, which is not hearsay. Ms. Guo's third objection—that certified translations of certain internet content, as well as content hyperlinked in the Trustee's moving papers, including videos uploaded to YouTube and Gettr (collectively, the "Internet Evidence"), constituted unauthenticated hearsay—was likewise overruled. On these issues, Judge Manning was satisfied that the Reply Documents sufficiently established the authenticity of the Internet Evidence, and concluded that the prior statements contained in the Internet Evidence were not inadmissible hearsay. Lastly, the Bankruptcy Court overruled Ms. Guo's objection to the Court's consideration of prior rulings in other adversary proceedings arising out of the Debtor's main bankruptcy case, noting that any such rulings can be judicially noticed and duly considered at the summary judgment stage.

In his reply brief, the Trustee had also made two evidentiary objections, each stemming from Ms. Guo's invocation of her Fifth Amendment right against self-incrimination during her deposition. The Trustee objected to Ms. Guo's citation to her deposition testimony given her invocation. Judge Manning overruled this objection because Ms. Guo only cited to portions of her testimony that the Trustee himself put forward as evidence. However, the Bankruptcy Court

7

sustained the Trustee's objection to Ms. Guo's proffered exhibits submitted with her opposition to the Trustee's Motion for Summary Judgment (collectively, the "Guo Exhibits"). Judge Manning concluded that the Guo Exhibits would not be admissible at trial and therefore could not be considered at summary judgment, because "Ms. Guo cannot decline to testify about issues – including the contents of the very documents she submits as exhibits – and, nevertheless, put forward evidence on those issues."

*Summary Judgment*

Having established the evidentiary record, the Bankruptcy Court then set forth the undisputed facts, as described above, for purposes of the Trustee's Motion for Summary Judgment, and addressed the merits of the Trustee's First, Third, and Fourth Claims.[5]

As to the First Claim, the Bankruptcy Court applied New York law governing beneficial ownership and determined that there is no genuine dispute of fact as to: (1) the Debtor's initial purchase of the Bombardier; (2) the subsequent transfer of the Bombardier to the Debtor's personal chef, and thereafter to the Debtor's daughter, Ms. Guo, without consideration; (3) the Debtor's continued use and control of the Bombardier after its transfers; and (4) Ms. Guo's lack of use and control of the Bombardier.[6] Based on those undisputed facts, the Bankruptcy Court concluded that the Trustee is entitled to judgment as a matter of law that the Debtor beneficially owned the Bombardier and that therefore the Bombardier Proceeds are property of the Estate.

Regarding the Fourth Claim, the Bankruptcy Court applied BVI law governing beneficial ownership and concluded that there is no genuine dispute of fact as to: (1) the Debtor's use and

---

[5] Throughout its decision, the Bankruptcy Court observed that Ms. Guo principally relied upon her now-overruled evidentiary objections in opposing the Trustee's Motion for Summary Judgment.

[6] The Bankruptcy Court found that Ms. Guo presented no contrary evidence regarding her lack of use and control of the Bombardier, and, in connection with both the First and Fourth Claims, rejected Ms. Guo's argument that her signature on certain Whitecroft and Anton Development documents creates a genuine dispute of fact as to the beneficial ownership question.

8

control of the Bombardier while it was owned by Whitecroft; (2) Whitecroft's partial funding by the Debtor's adjudged alter ego, Golden Spring; (3) Golden Spring's control of the sale of the Bombardier; (4) the Debtor's use and control of the Bombardier while it was owned by Whitecroft; and (5) Ms. Guo's lack of recollection of using the Bombardier while it was owned by Whitecroft. Judge Manning further emphasized the undisputed facts that Whitecroft had no business purpose other than holding the Bombardier, and that Whitecroft's legal address has been listed as care of Golden Spring. The Bankruptcy Court also expressly rejected Ms. Guo's contention that the Trustee should be estopped from arguing that the Debtor is the beneficial owner of the BVI Entities—including Whitecroft—because the Trustee sought discovery from the BVI Entities through Ms. Guo. Accordingly, the Bankruptcy Court concluded that under BVI law, Ms. Guo holds Whitecroft as a "bare trustee," and that, as a matter of law, the Debtor is the beneficial owner of Whitecroft. However, the Bankruptcy Court could not conclude that the undisputed facts established that the other, non-Whitecroft BVI Entities were beneficially owned by the Debtor, and therefore denied summary judgment on the Fourth Claim as it relates to the other BVI Entities.

Having resolved the First Claim and Fourth Claim (as to Whitecroft only) in the Trustee's favor, Judge Manning nevertheless evaluated the Trustee's alternative Third Claim and concluded that, should this Court disagree with the Bankruptcy Court's determination as to the First Claim, partial summary judgment should enter in the Trustee's favor on the Third Claim. Specifically, the Bankruptcy Court determined that certain so-called "badges of fraud,"[7] as well as the Debtor's "repeated practice of transferring assets to Ms. Guo through transfers of holding companies while retaining use and control of those assets," are established for any trial on the Third Claim. As

---

[7] Pursuant to New York law regarding fraudulent transfers, actual intent to "hinder, delay, or defraud" can be established by so-called "badges of fraud," namely, "circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent." *Wall St. Assocs. v. Brodsky*, 684 N.Y.S.2d 244, 247 (N.Y. App. Div. 1999) (internal quotation marks omitted).

9

such, the only remaining issues for any trial on the Third Claim would be whether the Debtor beneficially owned Anton Development at the time of its transfer, and whether any further "badges of fraud" exist.

Having so ruled, the Bankruptcy Court ordered Ms. Guo to turn over the Bombardier Proceeds and her ownership interest in Whitecroft to the Estate.

**Standard of Review**

This Court has jurisdiction to hear appeals from decisions of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a), which provides in relevant part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgment, orders, and decrees . . . of bankruptcy judges." *Salim v. VW Credit, Inc.*, 577 B.R. 615, 621 (E.D.N.Y. 2017). "A district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *Margulies v. Hough (In re Margulies)*, 566 B.R. 318, 328 (S.D.N.Y. 2017) (citation omitted).

A bankruptcy court's grant of summary judgment is reviewed *de novo*. *See Springfield Hospital, Inc. v. Guzman*, 28 F.4th 403, 415 (2d Cir. 2022) (citing *In re Treco*, 240 F.3d 148, 155 (2d Cir. 2001)). A motion for summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *In re Dana Corp.*, 574 F.3d 129, 151 (2d Cir. 2009).

"Matters left to the [bankruptcy] court's discretion are reviewed for abuse of discretion." *In re Adelphia Commc'ns Corp.*, 342 B.R. 122, 126 (S.D.N.Y. 2006) (internal quotation marks omitted). A district court abuses its discretion when it bases its ruling "on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008)

(citations and internal quotation marks omitted); *see also Stasko v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 10-CV-4322 (JGK), 2011 WL 2462773, at *2 (S.D.N.Y. June 20, 2011) ("[a] ruling is an abuse of discretion only if the bankruptcy court bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact.") (citations and internal quotations marks omitted). A bankruptcy court's evidentiary rulings are reviewed for abuse of discretion. *Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003). "In addition, the Second Circuit has explained, an evidentiary ruling that is an abuse of discretion is, however, only reversible if it also affects a party's substantial rights." *In re Bernard L. Madoff Inv. Sec., LLC*, 605 B.R. 570, 582 (S.D.N.Y. 2019), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 830 F. App'x 669 (2d Cir. 2020) (citing *Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 224 (2d Cir. 1999)).

**Discussion**

Ms. Guo now appeals the Bankruptcy Court's summary judgment order. Specifically, Ms. Guo contends that in resolving the First and Fourth Claims, the Bankruptcy Court improperly relied on inadmissible evidence and that had the Bankruptcy Court properly excluded the inadmissible evidence, unsupported and disputed issues of fact would have precluded the entry of summary judgment on the Trustee's First and Fourth Claims. In response, the Trustee asserts that the Bankruptcy Court's evidentiary rulings were not an abuse of discretion, and that insofar as those rulings are the sole basis upon which Ms. Guo appeals, the Bankruptcy Court's summary judgment order must be affirmed. The Trustee further argues that, should this Court reach the issue, the Bankruptcy Court properly entered partial summary judgment as to the Third Claim. The Court agrees with the Trustee as pertains to the First and Fourth claims.

11

Abuse of Discretion

As a threshold matter, the Court concludes that the evidentiary rulings made by the Bankruptcy Court in connection with the Trustee's Motion for Summary Judgment must be reviewed under an abuse of discretion standard. *Manley*, 337 F.3d at 247. Although Ms. Guo asserts that the appropriate standard of review is *de novo*, and that "issues of fact precluded entry of summary judgment because the evidence relied upon by the Bankruptcy Court" did not support its findings, the Court is not convinced. To be sure, conclusions of law—including determinations as to genuine issues of material fact—are reviewed *de novo*. *See In re Madoff*, 605 B.R. at 581. And if, as Ms. Guo asserts, the Court finds error in the Bankruptcy Court's evidentiary rulings, the Court would review *de novo* the question of whether the record, in the absence of the contested evidence, supports the summary judgment ruling. But the Court does not reach that inquiry unless there was evidentiary error. And absent same, Ms. Guo does not challenge the Bankruptcy Court's determination of the undisputed facts, or its evaluation of those facts, in connection with the Trustee's First and Fourth Claims.[8] Rather, Ms. Guo challenges only the Bankruptcy Court's threshold evidentiary rulings, arguing that "had the Bankruptcy Court properly excluded the inadmissible evidence . . . it could not have entered the Summary Judgment Order because, at minimum, disputed issues of fact preclude that result." Put another way, Ms. Guo does not contest the Bankruptcy Court's legal conclusion that the Trustee is entitled to summary judgment on his First and Fourth Claims; she disputes the Bankruptcy Court's underlying construction of the

---

[8] Although Ms. Guo does argue that her signature on certain Whitecroft documents creates a genuine dispute of fact as to the Fourth Claim's beneficial ownership question, the Bankruptcy Court expressly rejected this argument, and for good reason. The parties do not dispute Ms. Guo's nominal ownership of Whitecroft, which is, in fact, central to the Trustee's claims. Ms. Guo's mere signature on Whitecroft documents fails to create even a metaphysical doubt as to the Debtor's beneficial ownership of Whitecroft, particularly when contrasted with the extensive evidentiary record supporting the Trustee's beneficial ownership claim. Accordingly, the evidentiary issues aside, even under a standard of *de novo* review, the Court finds that Ms. Guo's signature on certain Whitecroft documents does not create a genuine dispute of fact precluding partial summary judgment as to the Fourth Claim.

12

evidentiary record. That those determinations may have factored critically into the Bankruptcy Court's ultimate decision has no bearing on the applicable standard of review. Accordingly, the Court will review the Bankruptcy Court's evidentiary rulings for abuse of discretion.

Evidentiary Rulings

*Reply Documents*

Ms. Guo first objects to the Bankruptcy Court's consideration of the Reply Documents, and related denial of Ms. Guo's Motion to Strike. Specifically, Ms. Guo argues that submission of the Reply Documents was procedurally impermissible, and that she was prejudiced by her inability to sufficiently "examine and object" to the Reply Documents, given that the Trustee's reply brief was filed just three days prior to the hearing on the Trustee's Motion for Summary Judgment. In response, the Trustee contends that the Bankruptcy Court was within its discretion to consider the Reply Documents, and further asserts that Ms. Guo did have an opportunity to respond to the Reply Documents—but chose not to do so.

"It is well established that 'reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.'" *Beck v. Rayco Mfg., Inc.*, No. 3:14-CV-327 (JAM), 2015 WL 737114, at *2 n.2 (D. Conn. Feb. 20, 2015) (citing *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000)). This is precisely the function of the Trustee's Reply Documents, which were submitted in direct response to the authentication and hearsay objections asserted in Ms. Guo's Local Rule 56(a)(2) statement. Accordingly, the Bankruptcy Court was well within its discretion to allow the Trustee to submit the Reply Documents and to consider them in connection with the Motion for Summary Judgment.

Notwithstanding, Ms. Guo also claims that she was prejudiced by the Bankruptcy Court's consideration of the Reply Documents insofar as she was unable to properly "examine and object" to them prior to the hearing on the Trustee's Motion for Summary Judgment. The Court is not persuaded. As appropriately argued by the Trustee, Ms. Guo could have either responded to the Reply Documents at the hearing held on February 5, 2024, or sought leave to file a sur-reply at any point during the two-month period between the hearing and the issuance of the Bankruptcy Court's summary judgment order. She did neither. The Trustee does not, on appeal, suffer the consequences of Ms. Guo's decision.

Ms. Guo next argues that the Trustee had an affirmative burden to include the authenticating Reply Documents in his initial moving papers, and that, in permitting the Reply Documents, "the Bankruptcy Court inappropriately allowed the Trustee 'a second bite at the summary judgment apple.'" The Court disagrees. Rule 56(c)(2) specifically contemplates that, as happened here, "[a] party may object that the material cited to support . . . a fact cannot be presented in a form that would be admissible in evidence." When such an argument is advanced, Rule 56(e) provides: "If a party fails to properly support an assertion of fact [as Ms. Guo asserted in her opposition], the court may (1) give an opportunity to properly support the fact."

Here, the Reply Documents were submitted "in response to a new issue raised by [Ms. Guo's] opposition papers," namely, the authenticity or admissibility of various business records and Internet Evidence relied upon in the Trustee's Motion for Summary Judgment. *See Perez v. Manna 2nd Ave. LLC*, No. 15-CV-4655 (JCF), 2016 WL 7489040, at *4 (S.D.N.Y. Dec. 28, 2016). Moreover, even if the Trustee should have included the Reply Documents in his opening papers, which may be a better practice, courts have broad discretion to consider argument and evidence first introduced on reply when determining motions for summary judgment. *See Bayway*, 215 F.3d

14

at 226–227; *see also Church & Dwight Co. v. Kaloti Enterprises of Michigan, L.L.C.*, No. 07-CV-612, 2011 WL 4529605, at *1 n.1 (E.D.N.Y. Sept. 28, 2011) ("Although it is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden, [the court] has discretion to consider documents filed in violation of procedural rules.") (internal quotation marks omitted). And here, the Reply Documents did not constitute substantive evidence, but rather addressed an argument that some evidence relied upon was not adequately authenticated under the rules of evidence. As such, this Court finds no abuse of discretion by the Bankruptcy Court in allowing the Reply Documents.[9]

*The Golden Spring Judgment*

Ms. Guo further objects to the Bankruptcy Court's reliance on its judgment in *Luc A. Despins, Ch. 11 Trustee v. Golden Spring (New York) Ltd.*, No. 23-ap-5018 (JAM) (Bankr. D. Conn. Dec. 4, 2023), which established that Golden Spring is the Debtor's alter ego (the "Golden Spring Judgment"). Ms. Guo asserts that the Golden Spring Judgment is inadmissible hearsay, insofar as "judicial findings fall outside of hearsay exceptions." In response, the Trustee argues that the Bankruptcy Court properly overruled Ms. Guo's objection to its consideration of the Golden Spring Judgment. The Court agrees with the Trustee.

It is well-settled that "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (internal citation and quotation marks omitted). As relevant here,

---

[9] Notably, on appeal, Ms. Guo does not challenge the Bankruptcy Court's determination that the Reply Documents sufficiently authenticated the corresponding business records and Internet Evidence submitted in connection with the Trustee's Motion for Summary Judgment.

15

bankruptcy courts can, and often do, take judicial notice of their prior rulings in other related adversary proceedings. *See Krakowski v. Am. Airlines, Inc. (In re AMR Corp.)*, 567 B.R. 247, 250 (Bankr. S.D.N.Y. 2017), *aff'd sub nom.* 610 B.R. 714 (S.D.N.Y. 2019), *aff'd sub nom.* 834 F. App'x 660 (2d Cir. 2021); *see, e.g.*, *Messer v. Wei Chu (In re Gao)*, 560 B.R. 50, 55 n.4 (Bankr. E.D.N.Y. 2016) (taking judicial notice of relevant documents filed in debtor's bankruptcy case and related adversary proceedings); *In re Campbell*, 500 B.R. 56, 59 n.7 (Bankr. D.N.M. 2013) ("[a] bankruptcy court has the inherent authority to take judicial notice of or otherwise consider entries on its own docket."); *Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F. Supp. 2d 79, 96 n.17 (S.D.N.Y. 2004) ("The Court can take judicial notice of matters of public record . . . including filings in related lawsuits.") (citing *Liberty Mutual*, 969 F.2d at 1388).

Here, as observed by the Trustee, the Bankruptcy Court did not take judicial notice of the Golden Spring Judgment for its "judicial findings of fact." Rather, the Bankruptcy Court took judicial notice of the Golden Spring Judgment for its very existence, which established that Golden Spring was adjudged to be the Debtor's alter ego. Notwithstanding, Ms. Guo argues that the Golden Spring Judgment, entered in "a separate adversary proceeding to which Ms. Guo was not a party is not binding on Ms. Guo or relevant to claims against her in this action." This argument misses the mark. The Bankruptcy Court's summary judgment order is not an effort to bind Ms. Guo to the Golden Spring Judgment. As she correctly observes, she was not even a named party in that adversary proceeding. However, the Debtor's alter ego relationship with Golden Spring, as evidenced by the Golden Spring Judgment is highly probative of the Trustee's beneficial ownership claims, given Golden Spring's integral role in the financing, operation, management, and eventual sale of the Bombardier. For the foregoing reasons, the Court concludes that the

Bankruptcy Court did not abuse its discretion in taking judicial notice of the Golden Spring Judgment.

*Deposition Testimony*

Next, Ms. Guo challenges the Bankruptcy Court's consideration of her mother, Hing Chi Ngok's deposition testimony from a different proceeding.[10] Ms. Guo contends that the admissibility of Ms. Ngok's deposition testimony is governed by Rule 32(a)(8) of the Federal Rules of Civil Procedure, which provides that deposition testimony may only be "used in a later action involving the same subject matter between the same parties, . . . to the same extent as if taken in the later action." Thus she argues, as this action is not of the same subject matter and between the same parties, the deposition cannot be considered. In support of this argument, Ms. Guo relies principally on *Rao v. Rodriguez*, which reached the same conclusion on similar facts, at least in terms of the reach of Rule 32(a)(8).[11] No. 14-CV-1936 (NGG), 2017 WL 1753489 (E.D.N.Y. May 1, 2017). The Trustee disagrees, and asserts that Rule 56(c)—not Rule 32— governs the question of whether deposition testimony may be considered on summary judgment. The Court agrees with the Trustee.

At the summary judgment stage, courts in this Circuit regularly consider deposition testimony from a separate action, regardless of whether Rule 32(a)(8)'s requirements are satisfied. *See, e.g.*, *Linzy v. Uber Techs., Inc.*, No. 21-CV-5097 (ER), 2023 WL 7302643, at *3 (S.D.N.Y. Nov. 6, 2023), *reconsideration denied*, No. 21-CV-5097 (ER), 2024 WL 2882186 (S.D.N.Y. June

---

[10] The Trustee offers that the excerpt of Ms. Ngok's deposition transcript was submitted in support of the proposition that Mr. Han was the Debtor's family chef. The Court queries whether the deposition testimony had any, let alone a sufficiently significant, impact on the summary judgment decision. *See In re Bernard L. Madoff Inv. Sec., LLC*, 605 B.R. at 582 (an evidentiary ruling that is an abuse of discretion is only reversible if it also affects a party's substantial rights).

[11] *Rao* is distinguishable. It involved a pre-trial motion regarding the use of the deposition at trial, not on summary judgment. Further, as observed by the court in *Rao*, Rule 32(a)(8) also provides: "A deposition previously taken may also be used as allowed by the Federal Rules of Evidence." *Id.* The court then analyzed the applicability of Rule 804 and ultimately decided to allow the deposition testimony to be used at trial.

7, 2024) (collecting cases). In *Linzy*, the court concluded that prohibiting such use would run counter to Rule 56. *Id.* Indeed, after a lengthy survey of decisions by courts both within and outside this Circuit, the court held that "both logic and the weight of authority support considering the deposition testimony." *See* 2023 WL 7302643 at *5. The Court finds the analysis in *Linzy* persuasive. And given this weight of authority, the Court certainly cannot conclude that the Bankruptcy Court abused its discretion in considering Ms. Ngok's deposition testimony in connection with the Trustee's Motion for Summary Judgment.

*Internet Evidence*

Lastly, Ms. Guo objects to the Bankruptcy Court's consideration of the Internet Evidence, which Ms. Guo maintains is unauthenticated hearsay and otherwise lacking in probative value. In response, the Trustee contends that the Court should reject Ms. Guo's authentication and hearsay arguments, and further asserts that the Internet Evidence is probative of the Debtor's beneficial ownership of the Bombardier. Once again, the Court agrees with the Trustee.

In its summary judgment order, the Bankruptcy Court overruled Ms. Guo's initial objections to the Internet Evidence because it was satisfied that the Reply Documents sufficiently addressed the authenticity issue, and otherwise concluded that the Debtor's prior statements contained in the Internet Evidence each fell within a recognized exception to the hearsay rule. In her brief on appeal, Ms. Guo does not challenge the Bankruptcy Court's analysis and findings as to either the authentication issue, or the hearsay exceptions.[12] Rather, she merely reiterates without further discussion her position that the Internet Evidence is unauthenticated hearsay, and additionally argues that the Internet Evidence—*e.g.*, videos of the Debtor dining on and discussing

---

[12] As set forth *supra*, this Court has already rejected Ms. Guo's broader challenge to the Bankruptcy Court's consideration of the Reply Documents.

18

his private jet—is not probative of any issues in this case. Insofar as Ms. Guo does not meaningfully address the Bankruptcy Court's authentication and hearsay determinations, her conclusory repetition of the argument rejected by the Bankruptcy Court is not considered herein. *See Keepers, Inc. v. City of Milford*, 807 F.3d 24, 44 n.125 (2d Cir. 2015) ("In general, we do not address on appeal issues not sufficiently raised in a party's principal brief.") (citing *Norton v. Sam's Club*, 145 F.3d 114, 117–18 (2d Cir. 1998)). As to the argument that the Internet Evidence was without probative value, the Court is not persuaded. While it is true that the Debtor's mere use of the Bombardier does not itself *establish* his beneficial ownership thereof, it is certainly *probative* on the issue. For example, the Internet Evidence demonstrates that the Debtor not only used the Bombardier, but appears to have meticulously designed its interior furnishings and indeed claimed it as his own. And it is clear that the Bankruptcy Court's conclusion that the Debtor beneficially owned the Bombardier was not based on the Internet Evidence alone, but on the comprehensive evidentiary record detailed above.[13] Accordingly, the Bankruptcy Court did not abuse its discretion in considering the Internet Evidence.[14]

---

[13] Given this record, the Court agrees with the Trustee that even if the Internet Evidence lacked sufficient probative value, the Bankruptcy Court's consideration thereof was harmless error. *See Tesser v. Bd. of Educ. of City Sch. Dist. of City of New York*, 370 F.3d 314, 319 (2d Cir. 2004) ("an evidentiary error in a civil case is harmless unless *the appellant* demonstrates that it is likely that in some material respect the factfinder's judgment was swayed by the error.") (emphasis added) (citing *Costantino v. David M. Herzog, M.D., P.C.*, 203 F.3d 164, 174 (2d Cir. 2000)).

[14] In her appeal, Ms. Guo does not contest the Bankruptcy Court's conclusion that it has constitutional authority to finally determine the beneficial ownership claims at issue in the Trustee's Motion for Summary Judgment. As such, the Court does not address whether the Bankruptcy Court has constitutional authority to finally determine the Trustee's claims. *See Keepers*, 807 F.3d at 44 n.125; *United States v. Joyner*, 313 F.3d 40, 44 (2d Cir. 2002) ("It is well established that an argument not raised on appeal is deemed abandoned, and lost.") (internal quotation marks omitted). While the issue is raised in Ms. Guo's motion to withdraw the reference pending at *In re Kwok*, No. 3:23-mc-93 (KAD), that motion may now be moot, an issue that will be taken up in due course in that action. *See In re Lear Corp.*, 418 B.R. 47, 48 (S.D.N.Y. 2009) ("a bankruptcy court order dismissing an adversary proceeding moots a motion to withdraw reference pursuant to § 157(d)."); *see, e.g., Charitable DAF Fund, L.P. v. Highland Cap. Mgmt., L.P.*, No. 22-CV-2802-B, 2023 WL 4768188, at *2 (N.D. Tex. July 26, 2023) ("the bankruptcy court's order granting dismissal effectively resolves the adversary proceeding; nothing is left to withdraw."); *In re Byrnes*, No. 21-CV-295 (KWR), 2022 WL 17752369, at *1 (D.N.M. Dec. 19, 2022) (finding withdrawal of the reference as moot where bankruptcy judge had issued final judgment in the underlying adversary proceeding).

**Conclusion**

As Ms. Guo does not challenge the summary judgment order independent of her evidentiary claims, and those claims having been rejected, the Court **AFFIRMS** the order of the Bankruptcy Court granting summary judgment in favor of the Trustee on his First Claim and Fourth Claim (as to Whitecroft only).  Further, insofar as the Court has affirmed the Bankruptcy Court's grant of summary judgment as to the First Claim, the Court declines to review the Bankruptcy Court's partial grant of summary judgment on the Trustee's alternative Third Claim.  The Clerk of Court is directed to enter judgment in favor of Appellee and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of January 2025.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE